**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 52186 & 52187**

| | |
|---|---|
| STATE OF IDAHO, ) | |
| ) | **Filed: February 6, 2026** |
| Plaintiff-Respondent, ) | |
| ) | **Melanie Gagnepain, Clerk** |
| v. ) | |
| ) | **THIS IS AN UNPUBLISHED** |
| JOSHUA WILLIAM REISMAN, ) | **OPINION AND SHALL NOT** |
| ) | **BE CITED AS AUTHORITY** |
| Defendant-Appellant. ) | |
| ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Ross D. Pittman, District Judge.

Judgment of conviction and concurrent unified sentences of five years determinate for malicious injury to property and aggravated assault in Docket No. 52186, <u>affirmed</u>; judgment of conviction and unified sentence of twelve years, with a minimum period of incarceration of two years, for felony possession of a controlled substance with a persistent violator enhancement in Docket No. 52187, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Abigael E. Schulz, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

Before TRIBE, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge

_____

PER CURIAM

This appeal involves two consolidated cases. In Docket No. 52186, Joshua William Reisman pleaded guilty to malicious injury to property, Idaho Code § 18-7001(2), and aggravated assault, I.C. §§ 18-901, -905. In exchange for his guilty plea, additional charges were dismissed including an allegation that he is a persistent violator. Before Reisman was sentenced, he was charged with new crimes in Docket No. 52187. In Docket No. 52187, Reisman pleaded guilty to felony possession of a controlled substance, methamphetamine, I.C. § 37-2732(c)(1), and of being a persistent violator, I.C. § 19-2514. In exchange for his guilty plea, additional charges were

1

dismissed. For each charge in Docket No. 52186, the district court imposed a unified sentence of five years determinate and ordered the sentences to run concurrently with each other. In Docket No. 52187, the district court imposed a unified sentence of twelve years, with a minimum period of incarceration of two years, to run consecutively to the sentences in Docket No. 52186. Reisman appeals, contending that his sentences are excessive.[1]

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion. Therefore, Reisman's judgments of conviction and sentences are affirmed.

---

[1] Reisman filed an Idaho Criminal Rule 35 motion in each case, but did not provide any new or additional information. As a result, the district court denied his I.C.R. 35 motions. Reisman does not challenge the denial of these motions on appeal.